[No. 10145.   Department One.   August 21, 1912.]

GREAT NORTHERN RAILWAY COMPANY, *Appellant*, v. PUBLIC
SERVICE COMMISSION OF WASHINGTON *et al.*,
*Respondents.*[1]

RAILROADS—REGULATION—SPUR TRACKS—ORDER OF RAILROAD COM-
MISSION—REVIEW.  A railroad company is bound by an order of the
railroad commission ordering the construction and maintenance of
a spur track to serve a warehouse, and cannot have the same re-
viewed on certiorari on the theory that the order was a continuing
one, where the company complied with the order by building the spur
at the shipper's expense, which was paid, and took no appeal; Laws
1911, p. 597, § 87, providing that on appeal the superior court may
in its discretion restrain or suspend the order *pendente lite*.

Appeal from a judgment of the superior court for Spo-
kane county, Webster, J., entered December 14, 1911, quash-
ing a writ of certiorari to review an order of the public
service commission for a spur track to a warehouse.   Af-
firmed.

*F. V. Brown* and *F. G. Dorety*, for appellant.

*Merritt, Oswald & Merritt*, for respondent Mohler Union
Warehouse Company.

GOSE, J.—This is an appeal from an order quashing a
writ of review and dismissing the action.   The history of the
case is as follows.   On July 13, 1911, the respondent Mohler
Union Warehouse Company, a corporation, hereafter called
the respondent, filed a complaint with the public service com-
mission, alleging that it was operating a grain warehouse
at the town of Mohler, in this state, at a point adjacent to
the appellant's right of way, and that the appellant refused
to run a spur track to its warehouse and to give it shipping
facilities; and prayed that citation issue and that a hearing
be had.   On July 25, pursuant to notice, a hearing was had
before a member of the public service commission.   On

[1]Reported in 125 Pac. 948.

August 28 the commission filed its findings.   On September 9, an order was entered by the commission, requiring the appellant to make the necessary survey and set the stakes for a spur track from its main line to the respondent's warehouse, requiring the respondent to do the necessary grading under the direction of the appellant's engineer, and requiring it to execute a bond in the sum of $2,000, conditioned that upon the construction of the track it would pay to the appellant the sum of $1,556, the agreed cost of the improvement.   It was further ordered that the appellant, within ten days after it received notice that the grading had been completed, should proceed to construct the spur track, and that it should complete it within five days thereafter.   The order further provided that, within twenty days after the completion of the spur track, the respondent should pay to appellant the sum of $1,556, and that upon such payment the bond should be cancelled.   By agreement of the parties, a certified check for that amount was accepted and is still held by the appellant in lieu of the bond.   It is admitted that, within the time limited by the order, the appellant constructed the spur track, connected it with its main track, and proceeded to furnish switching service to the respondent. Thereafter and on October 5, the appellant applied for and was granted a writ of review by the superior court of Spokane county.   Upon the facts stated, upon the motion of the respondent, the writ was quashed and the action dismissed.

The appellant contends that it was error to dismiss the case, because the order of the court requires the performance of services upon the part of the appellant of a continuing and permanent nature.   In support of this view it cites the following cases: *Southern Pac. Terminal Co. v. Interstate Commerce Commission,* 219 U. S. 498; *United States v. Trans-Missouri Freight Ass'n.,* 166 U. S. 290; *Boise City Irr. & Land. Co. v. Clark,* 131 Fed. 415; *State v. Moore,* 23 Wash. 276, 62 Pac. 769; *Commonwealth v. Hall,* 8 Pick. 440.

The *Southern Pacific Terminal* case was a suit to enjoin

an order of the Interstate Commerce Commission requiring the appellant to desist, on or before a fixed date and for a fixed period, from granting an undue preference to one Young, a shipper of cotton seed products. It was contended that the appeal should be dismissed because the time fixed in the order had expired, and the case was moot. The motion was denied on the ground that the order might be the basis of further proceedings, and that the questions involved in the orders were usually continuing.

In the *Freight Association* case, some of the defendants had entered into a traffic agreement under the name of "Trans-Missouri Freight Association." The defendants asked that the appeal be dismissed, on the ground that the association had been dissolved by a vote of its members after the entry of the judgment. In denying the motion the court observed that the object of the appeal was two-fold, viz., the dissolution of the association and the restraining of the defendants from continuing in a like combination. It was said that the mere dissolution of the association was not the most important object of the litigation, but that:

"The judgment of the court is sought upon the question of the legality of the agreement itself for the carrying out of which the association was formed, and if such agreement be declared to be illegal, the court is asked not only to dissolve the association named in the bill, but that the defendants should be enjoined for the future."

In the *Boise City* case, there was a motion to dismiss the appeal on the ground that the period for which the water rate was fixed had expired. This was denied, on the grounds, (1) because the rates once fixed continue in force until changed as provided by law, and (2) because of the propriety of deciding some questions of law which might serve to guide the municipal body when again called upon to act in the matter. In the *Moore* case it was observed that the object of the litigation, viz., the certification of the nomination of the relator, could still be carried out. In the *Hall* case it was held that an involuntary payment of an award of

damages in an eminent domain proceeding by a corporation, so that it could enter upon the land and save its franchise, was not a ground for quashing a writ of certiorari.

The public service commission act (Laws 1911, p. 597, § 87), provides that the superior court, "in its discretion, may restrain or suspend" in whole or in part the operation of the commissioners' order *pendente lite*. The appellant did not apply for a suspension of the order. It is plain that the discretion here vested in the superior court is not an arbitrary discretion, but a sound judicial discretion to be exercised as the justice of the particular case demands. The appellant chose to comply with the order, and to make the physical improvement at the expense of the respondent. If it were now permitted to review the proceedings of the commission and to reverse the order, the physical connection which the respondent has paid for would be rendered valueless. It has not appealed from the order, and no reason is suggested, and none occurs to the court, why it is not bound by it. The argument made, that the order is in its nature a continuing one, is measurably true. There is no doubt that it contemplates both a physical connection between the main line of the appellant's road and the respondent's warehouse, and the future maintenance thereof, together with switching accommodations. This, however, cannot overcome the effect of the other acts mentioned. We think, in view of the fact that the spur track has been run out at the expense of the respondent, and that no application was made for an order of supersedeas, the appellant is precluded from continuing the litigation.

While the case at bar has some features analogous to the questions involved in the *Southern Pacific Terminal* case and the *Boise City* case, we are of the opinion that the application of the principles there announced would be a flagrant injustice to the respondent.

The judgment is therefore affirmed.

MORRIS, PARKER, CROW, and CHADWICK, JJ., concur.